**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

**DOCKET NO. 5:05CR215**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | **PRELIMINARY ORDER** |
| **v.** | **)** | **OF FORFEITURE** |
| | **)** | |
| **FERNANDO POLITO BELLO** | **)** | |

In the Bill of Indictment in this case, the United States sought forfeiture of property of the defendant pursuant to 18 U.S.C. §924(d) as property that was used in a knowing violation of 18 U.S.C. §922(g)(5).

Defendant pled guilty to Count One in the Bill of Indictment, without a plea agreement, and was adjudged guilty of the offense charged in that count. The government has submitted an affidavit in support of its motion and order of forfeiture, and defendant has not contested the facts shown by the affidavit.

It is therefore **ORDERED**:

1. Based upon defendant's plea of guilty, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n):

   **a. Ammunition, that is, shotgun shells, seized on or about June 6, 2005, from the defendant's residence located at 1630 Wallace Street, Statesville, North Carolina;**

   **b. One Maverick 12-gauge shotgun, Model 88, SN MV19307A;**

2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish in a newspaper of general circulation notice of this order; notice of its intent to dispose of the property in such manner as the

Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. §853(n).

Signed: June 20, 2006

Richard L. Voorhees
United States District Judge